**Candace S. WALTERS, Plaintiff-Appellant,**

v.

**ODYSSEY HEALTHCARE MANAGEMENT LONG TERM DISABILITY PLAN and Odyssey Healthcare Management Long Term Disability Plan Administrator, Defendants-Appellees.**

No. 14-16930

United States Court of Appeals, Ninth Circuit.

Argued and Submitted November 14, 2016 San Francisco, California

Filed November 22, 2016

Randolph Bachrach, General Attorney, Law Office of R.G. Bachrach, Chandler, AZ, Kevin Koelbel, Ober & Pekas, PLLC, Phoenix, AZ, for Plaintiff-Appellant.

Caroline Larsen, Tracy Ann Miller, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Phoenix, AZ, for Defendants-Appellees.

Before: THOMAS, Chief Judge, and KOZINSKI and FRIEDLAND, Circuit Judges.

## MEMORANDUM *

Candace Walters appeals the district court's order granting summary judgment to Odyssey Healthcare Management, denying her cross-motion, and denying her motion to remand the matter to the plan

---

administrator for further factual inquiry. We affirm.

An order granting summary judgment on cross-motions is reviewed de novo. *Travelers Prop. Cas. Co. of Am. v. Conoco-Phillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008). Summary judgment may be affirmed for any reason supported by the record. *Id.*

We may assume without deciding that the district court incorrectly disregarded Walters' affidavit, which described her memory of submitting a claim for long-term disability benefits. Had the district court considered that affidavit, Odyssey would nonetheless be entitled to summary judgment. Under the undisputed provisions of the long-term disability plan, a participant who believes her claim was wrongly rejected must pursue an internal administrative appeal within 180 days. Likewise, federal law requires a claimant to "avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *Diaz v. United Agric. Emp. Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995) (citing *Amato v. Bernard*, 618 F.2d 559, 566–68 (9th Cir. 1980)). Walters offered no evidence that she pursued an internal review of Odyssey's decision. She therefore cannot proceed with a federal lawsuit, *see id.* and there is no need to remand the matter to the plan administrator for further factual development.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.